BENTON, J.,
dissenting.
Stating that Montalvo “made it very difficult” for the probation officer to obtain Montalvo’s medical records from the Veterans’ Administration', the trial judge refused to grant Montalvo first offender status under Code § 18.2-251. The *100 record does not support that finding. Therefore, I would hold that the trial judge abused his discretion.
At trial, both the Commonwealth’s attorney and Montalvo represented to the judge that Montalvo was eligible for first offender status pursuant to Code § 18.2-251 and that his criminal record was not disqualifying. At the sentencing hearing, the following exchange occurred:
THE COURT: This case was tried in December. To date the probation officer tells me he has not been able to get the necessary signatures from the defendant to get medical records that are required in order to go forward with first-offender status. Still has not had it since December. We’ve continued it once before.
[DEFENSE COUNSEL]: Your Honor, I think [the probation officer] has gotten the signatures at this point.
THE COURT: Told me a few minutes ago he did not have.
[PROBATION OFFICER]: I got the signature on the first release eventually, Judge, and then the second release that was sent to me—
THE COURT: The point is, the Court’s confronted with this man being difficult when he is being given an opportunity to have first-offender status. That’s inexcusable so far as the Court is concerned.
[DEFENSE COUNSEL]: Yes, sir. I believe at first he did have a problem with medical records, and after talking to him he did give a release to [the probation officer]. That’s my understanding. It’s difficult to get records from the Veteran’s Administration.
This record clearly establishes that, based on an off-the-record conversation with the probation officer, the trial judge concluded that Montalvo had not signed the second release that the Veterans’ Administration required. No evidence proved that Montalvo or his counsel were present when that off-the-record discussion occurred. Montalvo’s counsel made an unrefuted avowal on the record that Montalvo had signed the second release and had given it to the probation officer. Indeed, when the probation officer began to explain the events *101 after he received the second release, the trial judge spontaneously ruled that Montalvo was “being difficult” before the probation officer could complete his explanation. This is the sole basis upon which the trial judge refused to consider Montalvo for first offender status under Code § 18.2-251.
Although the majority concludes, based on its own examination of Montalvo’s history, that Montalvo was not a “good candidate” for first offender status, the trial judge’s decision was grounded only in the judge’s perception that Montalvo was uncooperative with the probation officer. We are not at liberty to conclude that the trial judge might have discovered some reason other than the stated reason. The trial judge’s stated reason was based on an erroneous assumption. Therefore, I would reverse the judgment and remand to the trial judge for reconsideration of the sentence and Montalvo’s eligibility for first offender status as provided by Code § 18.2-251.